## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00253-WYD-KMT

DANIELLE RICE,

     Plaintiff,

v.

DELOITTE CONSULTING LLP,

     Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

The Parties, by and through their respective counsel, stipulate and move the Court for entry of the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of CONFIDENTIAL Information (as hereinafter defined) and, as grounds therefore, state as follows:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2.    Information designated "CONFIDENTIAL" shall be defined as:

    (a)    Documents and information produced by Deloitte Consulting LLP ("Deloitte") or Defendant's agents or representatives, when designated as "CONFIDENTIAL" as provided herein, concerning current or former employees of

Defendant (including Plaintiff), including personnel or personnel-related documents or internal memoranda;

(b)      Documents and information produced by or obtained through releases produced by Plaintiff, concerning individual medical, therapeutic, personal identification, financial and/or tax records, when designated as "CONFIDENTIAL" as provided herein;

(c)      Documents reflecting confidential or proprietary business records of Defendant, including but not limited to trade secrets, confidential client information, documents reflecting internal policies and procedures, and other documents not generally known of disclosed to third parties;

(d)      Documents produced by Defendant regarding Defendant's financial condition; and

(e)      Medical records and/or "Protected Health Information."

3.      "Protected Health Information" includes, but is not limited to, a patient's name, address, birth date, admission date, discharge date, date of death, telephone number, fax number, e-mail address, social security number, medical records number, insurance plan information, account number, certificate/license number, vehicle identifier and license number, device identifier and serial number, URL, IP address number, biometric identifier including voice and finger prints, photographs, and any other unique identifying number, characteristic or code.

4.      CONFIDENTIAL information shall be used for the sole, strict and limited purposes of motions, discovery, preparation for trial, and trial in this action, or appeal therefrom.

5.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives for the entity defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses;  and

(h) other persons by written agreement of the parties.

6.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain verbal or written agreement from such person that he or she will be bound by its provisions and such persons shall not be permitted to keep such documents beyond such time as necessary for purposes of this case.

7.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:  "CONFIDENTIAL."  Any information designated by a party as CONFIDENTIAL must first be reviewed by lawyer who will certify that the designation as CONFIDENTIAL is based

on a good faith belief that the information is CONFIDENTIAL or otherwise entitled to protection under Fed.R.Civ.P. 26(c).

8.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the objected is made, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10.     Documents designated CONFIDENTIAL shall not be filed with the Court except when required in connection with motions under Fed.R.Civ.P. 12, 37, or 56, motions to determine confidentiality under the terms of this Protective Order, motions related to discovery disputes if the confidential documents are relevant to the motion and in appendices, briefs, or pleadings relating to an appeal.  In the event it is necessary for the parties to file CONFIDENTIAL information with the Court, the CONFIDENTIAL information shall be filed under seal.

11.     The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

12.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DONE AND ORDERED this 28th day of August, 2012.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 27th day of August 2012.


/s Lauren L. Fontana
David A. Lane
Lauren L. Fontana
KILLMER, LANE & NEWMAN, LLP
1543 Champa St., Ste. 400
Denver, CO 80202
(303) 571-1000 – Telephone
(303) 571-1001 - Facsimile
dlane@kln-law.com
lfontana@kln-law.com


*Counsel for Plaintiff*

/s Christine Lamb
Christine Lamb
FRIESEN LAMB LLP
1675 Larimer Street, Suite 675
Denver, CO 80202
(720) 904-6037 - Telephone
clamb@friesenlamb.com


*Counsel for Defendant*